1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

JALEN LAMPKIN,

Case No. CV 5:24-00743 SB (RAO)

12

Petitioner,

13

v.

14

KATHLEEN ALLISON,

15

Respondent.

MEMORANDUM AND ORDER
SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING
CERTIFICATE OF
APPEALABILITY

16

17 **I.    BACKGROUND**

18          On March 21, 2024, Petitioner Jalen Lampkin ("Petitioner"), a California

19 prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas

20 Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]

21 (Dkt. No. 1.)  Petitioner seeks habeas relief from his current state custody arising

22 from a 2020 conviction in Riverside County Superior Court, case number

23 RIF2003912.  (Petition at 2.)

24

25

26

27

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

28

On April 17, 2024, the Court issued a screening order stating that the Petition appeared time barred and the instant action subject to summary dismissal.  (Dkt. No. 4.)  The order directed Petitioner to file a response.  (*Id*.)  On May 7, 2024, Petitioner responded with a Letter ("Letter").  (Dkt. No. 5.)  In the Letter, Petitioner states that he only recently discovered his legal right to seek habeas relief and that it took him time to conduct research and complete and file the correct form.  (*Id*. at 1-2.)

For the following reasons, the Petition is summarily dismissed as time barred.

## II.   PROCEDURAL BACKGROUND

Petitioner pleaded guilty to arson of an inhabited structure, in violation of Cal. Penal Code § 451(b), in Riverside County Superior Court on October 15, 2020. (Petition at 2.)  The trial court sentenced him on November 30, 2020, to six years of imprisonment.  (*Id*.)   Petitioner did not appeal his conviction.  (*Id*. at 5.)  A search of the publicly available California state appellate court records confirms that Petitioner did not appeal his conviction.  *See* https://appellatecases.courtinfo.ca.gov/search.  The same search shows that Petitioner has not filed any state habeas petitions.  *Id*.

Petitioner constructively filed the instant Petition on March 21, 2024. (Petition at 6.)  The Petition raises a single claim of ineffective assistance of trial counsel.  (*Id*. at 3.)

## III.   DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to dismiss a petition for writ of habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."   Here, the Petition must be dismissed because it is time barred.

2

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a deadline for the filing of federal habeas petitions filed after April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).  AEDPA requires a prisoner to file his federal habeas petition within one-year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Under 28 U.S.C. § 2244(d)(1)(A), the Petition is facially untimely because it was filed well over a year after Petitioner's conviction became final.[2]  "A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."  *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994).  Petitioner was sentenced on November 30, 2020. (Petition at 2.)  Petitioner then had 60 days, or until January 29, 2021, to seek a

---

[2] Having reviewed the Petition and Petitioner's Letter, the Court determines that no other tolling provision of Section 2244(d)(1) is applicable.

1  certificate of probable cause or file an appeal.  Cal. Penal Code § 1237.5; Cal. R.

2  Ct. 8.308(a).  As noted above, Petitioner did not appeal his conviction.  Thus, the

3  judgment became final on January 29, 2021.

4      Consequently, the last day for Petitioner to have timely filed his federal

5  habeas petition was January 29, 2022, one year after the judgment became final.

6  Petitioner constructively filed the instant Petition on March 21, 2024, well after the

7  one-year limitations period under AEDPA expired.  *See McMonagle*, 802 F.3d at

8  1097.  Thus, the Petition is time barred.

9      In addition to statutory tolling under § 2244(d), the AEDPA limitations

10  period may be tolled whenever "equitably required."  *Holland v. Florida*, 560 U.S.

11  631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); *Doe v. Busby*, 661 F.3d 1001,

12  1011 (9th Cir. 2011) (citations omitted).  However, the threshold necessary to

13  trigger equitable tolling is high, making equitable tolling unavailable in most cases.

14  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010); *Spitsyn v. Moore*, 345 F.3d 796,

15  799 (9th Cir. 2003) (as amended).  Petitioner bears the heavy burden of proving he

16  is entitled to equitable tolling.  *Spitsyn*, 345 F.3d at 799.

17      For equitable tolling to apply, a petitioner must show that (1) he has pursued

18  his rights diligently, and (2) an "extraordinary circumstance prevented timely

19  filing."  *Holland*, 560 U.S. at 649.  Additionally, "[t]he petitioner must show that

20  the extraordinary circumstances were the cause of his untimeliness and that the

21  extraordinary circumstances made it impossible to file a petition on time."  *Porter*

22  *v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citations omitted).

23      In his Letter, Petitioner states that he only recently learned about his right to

24  seek habeas relief through legal research and from a "lifer."  Letter at 1.  Petitioner

25  also states that he has had intermittent access to legal research via a prison-provided

26  computer tablet, and it took time to complete and file the habeas form.  *Id.* at 1-2.

27      A petitioner's lack of legal expertise and ignorance of the law do not warrant

28  equitable tolling.  *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (petitioner's

4

confusion or ignorance of the law does not satisfy the extraordinary circumstance standard); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").  Nor is Petitioner entitled to equitable tolling based on the contention that he had intermittent access to legal research.  As noted above, "extraordinary circumstances" must have prevented an otherwise diligent petitioner from filing on time.  *See Forbess v. Franke*, 749 F.3d 837, 839 (9th Cir. 2014).  Petitioner does not show that the limited access to the prison tablet to conduct legal research prevented the timely filing of his Petition.  Rather, the Letter states that Petitioner did not know about his habeas rights during the first 3 ½ years of his sentence.  Letter at 1.  Thus, the lack of access to legal research at the prison could not have been the cause of Petitioner's untimeliness.  *See Gillon v. Atchley*, No. 2:20-cv-04960, 2021 WL 1232461, at *4 (C.D. Cal. Mar. 10, 2021), *adopted by*, 2021 WL 1697143 (C.D. Cal. Apr. 28, 2021) (lack of law library access not basis for equitable tolling where petitioner did not contact prison legal advisor for assistance until after the statue of limitations expired).

Because Petitioner has not shown any extraordinary circumstance prevented him from timely filing the Petition, equitable tolling is not warranted, and the Petition remains untimely.

## IV.   CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, the Court is dismissing the Petition because it is time barred.  Since the Petition is untimely, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## V.   **ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DENIED,** and this action is **DISMISSED** with prejudice;
2. A Certificate of Appealability is **DENIED**;
3. All pending motions or requests are **DENIED** as moot.

DATED:  June 10, 2024

_____
STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE